UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ULYSSES DOUGLAS and TINA DOUGLAS | * | CIVIL ACTION NO. 3:22-CV-0007 |
| | * | |
| v. | * | JUDGE JOHN W. DEGRAVELLES |
| | * | |
| UNION PACIFIC RAILROAD COMPANY | * | MAGISTRATE JUDGE SCOTT D. JOHNSON |
| | * | |

*******************************************

## MEMORANDUM IN SUPPORT OF UNION PACIFIC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE 12(B)(6)

Defendant, Union Pacific Railroad Company, respectfully submits its Memorandum in Support of its *Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule 12(b)(6)* on the grounds that Plaintiffs cannot recover from Defendant upon the facts alleged within Plaintiffs' Petition for Wrongful Death and Survival Damages.

### FACTUAL BACKGROUND

Ulysses Douglas and Tina Douglas bring the instant survival action and wrongful death action against Defendant based upon the injury to and death of their brother, Decedent Harold Douglas ("Mr. Douglas"), who died when he was trying to remove his dog from the path of an oncoming train in White Castle, Louisiana.[1] Mr. Douglas was hunting "in the vicinity of railroad tracks used by defendant, Union Pacific" when his "dog entered the track area."[2] Aware of the imminent danger the "oncoming train" posed to his dog on the tracks, Mr. Douglas tried to rescue his dog. Mr. Douglas joined his dog on the tracks in the direct path of the "approaching locomotive." He was struck by the train and, tragically, died.[3]

---

[1] R. Doc. 1-1, *See generally* Petition for Wrongful Death and Survival Damages.
[2] R. Doc. 1-1, Petition ¶¶ IV, V.
[3] R. Doc. 1-1, Petition ¶ VI.

Plaintiffs allege that Union Pacific is liable for Mr. Douglas' injury and death because of its failure to keep a proper lookout, reckless and unsafe operation, failure to stop, and failure to appropriately signal.[4] The Petition is devoid of any factual allegations as to Defendant's acts or omissions that did or could have caused the accident at issue. According to their Petition, Decedent Douglas was struck by the train only because he trespassed on the track while the train was approaching and imposing an imminent danger.

## LAW AND ARGUMENT

### I. Standard under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8 requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, when accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A "plausible claim for relief" is one where the factual allegations contained therein necessarily demonstrate actual misconduct on the part of the defendant—not "mere possibility of misconduct." Fed. R. Civ. P. 12(b)(6); *See also Jacquez v. Procunier*, 801 F. 2d 789, 791-92 (5th Cir. 1986). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550

---

[4] R. Doc. 1-1, Petition ¶ VII.

3

U.S. at 556). The complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

The Court is not bound to accept legal conclusions couched as factual assertions within the Petition. *Ashcroft*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 555). Instead, the court's review is limited to those factual assertions well-pleaded and made within the Petition and any documents attached thereto. If plaintiff's complaint fails to allege facts sufficient to "nudge [plaintiffs'] claims across the line from conceivable to plausible, plaintiffs' complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Furthermore, the Supreme Court has explained that Rule 12(b)(6) requires dismissal of a claim based upon an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' ... a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (internal citations omitted). When a petition does not satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Smith v. Bray*, No. CIV.A. 12-323-BAJ, 2013 WL 774204, at *2 (M.D. La. Feb. 28, 2013) (quoting *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 558)).

**II.    No Duty is Owed to Pedestrians in Decedent's Position**

Plaintiffs' Petition fails to and cannot plausibly allege that Defendant is liable for the injuries and death suffered by Mr. Douglas under Louisiana law. There is no factual or legal basis upon which Union Pacific owed a duty to prevent or avoid the risk of injury and/or death to Mr. Douglas. Mr. Douglas made the tragic decision to place himself on the track in the path of an

4

oncoming train. Union Pacific had no duty of care to Mr. Douglas, and there was nothing that Union Pacific could have done to avoid this accident.

Mr. Douglas was a trespasser on the railroad tracks. It is well-established in Louisiana law that pedestrians do not have a right to be on a railway's "right-of-way, which is essentially private property." *See, e.g., Anderson v. Illinois Cent. R. Co.,* 475 F. App'x 30, 32 (5th Cir. 2012) (quoting *Clayton v. Illinois Cent. R. Co.,* 865 So.2d 896, 901 (La. Ct. App. 2004)). Mr. Douglas was hunting in "the vicinity of the railroad tracks" at the time.[5] He entered the path of the oncoming Union Pacific train when his dog was at risk of being hit by the train.[6] Accepting this fact as true, Mr. Douglas was not on the train tracks for any legitimate purpose that could render him an invitee of Union Pacific.

Under Louisiana law, a railroad company generally owes no duty to someone who "enters a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring the trespasser." *Anderson v. Illinois Cent. R. Co.*, 475 F. App'x 30, 31 (5th Cir. 2012) (quoting *Anderson v. Illinois Cent. R. Co.,* No. CIV.A. 10-153, 2011 WL 1303865, at *3 (E.D. La. 2011) (citing D*oyle v. Thompson,* 50 So.2d 505 (La. Ct. App. 1951) and *Rice v. Kansas City Southern Ry. Co.,* 194 So. 444 (La. App. 1 Cir. 1940)). People without an "invitation to go upon railway tracks, but who choose to place themselves thereon for their own convenience, take existing conditions as they find them, and cannot require the railroad company to protect them from dangers which are as apparent and open to their own observation as to the company." *Anderson,* 2011 WL 1303865, at *3 (citing *James v. Thompson,* 35 So.2d 146 (La. App. 2 Cir. 1948)).

---

[5] R. Doc. 1-1, Petition ¶ IV.
[6] R. Doc. 1-1, Petition ¶¶ V, VI.

In *Anderson v. Illinois Central Railroad Company*, the District Court of the Eastern District of Louisiana considered these exact issues and determined that the railroad company did not owe any duty to a pedestrian who was on its tracks without the consent or prior knowledge of the railroad company. *Anderson,* 2011 WL 1303865. The Fifth Circuit affirmed the District Court's application of Louisiana's longstanding rule that a railroad does not owe a duty to unwelcome pedestrians on its track. *Anderson v. Illinois Cent. R. Co.,* 475 F. App'x 30, 31 (5th Cir. 2012). Only when an engineer "actually see[s]" a pedestrian on the tracks may an exception apply "[b]ecause the tracks themselves warn of the obvious danger of trains moving upon them[ ] and because pedestrians have no right to be on the tracks." *Anderson,* 475 F. App'x at 32 (citing *Doyle v. Thompson,* 50 So.2d 505, 508 (La. Ct. App. 1951); *cf. Clayton v. Illinois Cent. R. Co.,* 865 So.2d 896, 902 (La. Ct. App. 2004)). Still, the exception only imputes the duty to not willfully or wantonly injure the spotted pedestrian and does not always require the engineer to attempt to stop the train. *See Anderson,* 475 F. App'x at 32 (citing *Doyle v. Thompson,* 50 So.2d at 508); See also *Anderson, 475 F. App'x 30, 32* (explaining that "[A]n engineer, *when sighting a person or a vehicle on the track,* can presume that he or it will move from the position of danger upon the sounding of the train's bell or the blowing of its whistle or horn; and, that it is only when the engineer realizes that the warnings are not going to be heeded that he should make an effort to stop the train."(quoting *Clayton,* 865 So.2d at 902)).

Pursuant to the well-established jurisprudential rule that a railroad operator does not owe a duty to an unwelcome pedestrian, Louisiana law simply does not provide for the relief that Plaintiffs seek. Accepting the factual allegations of the Petition as true, Defendant did not owe a duty to Mr. Douglas. Further, Mr. Douglas was clearly aware of the imminent danger imposed by

6

the oncoming train. He chose to disregard that danger in an ill-fated effort to save the life of his dog, with tragic consequences.

The Petition is devoid of any factual allegations that could justify deviation from the general rule that a railroad does not owe a duty to trespasser pedestrians. The Petition does not contain any allegations that anyone operating the train was aware of Mr. Douglas's position on the railroad tracks at any time before the accident. To the contrary, the Petition's few factual allegations establish that Mr. Douglas stepped onto the train tracks in order to save his dog from the danger that could logically only be posed by a train threatening imminent impact. Moreover, the Petition does not allege any indication of a wanton or willful injury on the part of Defendant. And so, the exception to the general rule that railroads do not owe a duty of care to pedestrians on railway cannot be invoked here.

Defendant did not owe a duty to Mr. Douglas because he was a pedestrian trespasser without a right to be on the train tracks and Plaintiffs have not alleged any facts capable of supporting his claim that would entitle them to relief. Plaintiffs' claims should be dismissed because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (internal citations omitted).

## **CONCLUSION**

For the above and foregoing reasons, Defendant Union Pacific Railroad Company moves this Honorable Court for an order granting its *Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule 12(b)(6)*, with prejudice.

Respectfully submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

7

*/s/ Hillary Brouillette*
KELLY JUNEAU ROOKARD (#30573)
TIMOTHY F. DANIELS (#16878)
CARLOS A. BENACH (#36797)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Tel: (504) 310-2100
Fax: (504) 310-2101
kjuneau@irwinllc.com
tdaniels@irwinllc.com
cbenach@irwinllc.com

HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
hbrouillette@irwinllc.com
*Counsel for Union Pacific Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the court's CM/ECF system and notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Hillary A. Brouillette*

8