# UNITED STATES DISRICT COURT

## MIDDLE DISRICT OF LOUISIANA

ULYSSES DOUGLAS AND
TINA DOUGLAS

                                  **CIVIL ACTION**

**VERSUS**                                      **NO.  22-07-JWD-SDJ**

UNION PACIFIC RAILROAD
COMPANY

## RULING ON UNION PACIFIC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE 12(B)(6)

Before the Court is *Union Pacific's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule 12(B)(6)* [sic] ("the *Motion*") brought by defendant Union Pacific Railroad Company ("Defendant" or "Union Pacific"). (Doc. 6.) It is opposed by plaintiffs Ulysses Douglas and Tina Douglas ("Plaintiffs"). (Doc. 8.) Union Pacific filed a reply brief. (Doc. 9.) The Court has carefully considered the law, facts as alleged in Plaintiffs' Petition, and the arguments and submissions of the parties and is prepared to rule. For the reasons which follow, the *Motion* is GRANTED and Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs are given twenty-eight (28) days from the issuance of this ruling to amend the operative complaint to cure any deficiencies.  If Plaintiffs fail to cure these deficiencies within that time, the Court will dismiss all claims dismissed above under Federal Rule of Civil Procedure 12(b)(6) with prejudice.

## I.    BACKGROUND AND CONTENTIONS OF THE PARTIES

Plaintiffs allege that on November 30, 2020, Plaintiffs' sibling, Harold Douglas ("Douglas"), was hunting "in the vicinity of railroad tracks used by the defendant, Union Pacific." (Doc. 1-1 at 4, ¶ IV.) When "Douglas' dog entered the track area…[,] Douglas [ ] tr[ied] to remove his dog from the vicinity [and] was struck and killed by the approaching locomotive." (*Id*. at ¶¶ V.

1

and VI.) No additional facts are given regarding the circumstances leading up to and surrounding the tragic accident.

Plaintiffs allege that "Douglas' injuries and death were caused solely and wholly by the negligence and fault of the defendant, Union Pacific, in the following non-exclusive particulars:

> (1) failing to keep a proper look out [sic];
>
> (2) operating the train in a reckless and unsafe manner;
>
> (3) failing to stop;
>
> (4) failing to appropriately signal;
>
> (5) such other acts of negligence and/or fault that may be determined during discovery in this matter."

(Doc. 1-1 at 5, ¶ VII.)

Defendant argues that Plaintiffs' Petition provides no facts to support or explain these conclusory allegations (Doc. 6-1 at 2), and that the Court "is not bound to accept legal conclusions couched as factual assertions within the Petition." (*Id*. at 3, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, Union Pacific maintains that "a railroad company generally owes no duty to someone who enters a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring the trespasser." (*Id*. at 4 (internal citations omitted), citing *Anderson v. Illinois Cent. R. Co*., 475 F. App'x 30, 31 (5th Cir. 2012) (quoting *Anderson v. Illinois Cent. R. Co*., No. 10-153, 2011 WL 1303865, at *3 (E.D. La. Apr. 4, 2011), *aff'd*, 475 F. App'x 30 (5th Cir. 2012)).) In sum, "Union Pacific had no duty of care to Mr. Douglas, and there was nothing that Union Pacific could have done to avoid this accident." (Doc. 6-1 at 4.)

In their three-page brief, Plaintiffs merely refer the Court to ¶ VII. quoted above and argue that, when these allegations are "taken as true, [they] clearly establish[] both negligence and fault on behalf of defendant." (Doc. 8 at 3.) The only facts in the Petition offered to support ¶ VII. are that when "Douglas' dog entered the track area… Douglas [ ] tr[ied] to remove his dog from the vicinity [and] was struck and killed by the approaching locomotive." (Doc. 1-1 at 4, ¶¶ V. and VI.)

## II.    STANDARD

In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Supreme Court explained:

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (emphasis in original).

Later, in *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201 (5th Cir. 2010), the Fifth Circuit explained:

To avoid dismissal [under Fed. Rule Civ. P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim

3

for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace,* 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 210.

Analyzing the above case law, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at

*3 (W.D. La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011),

the Fifth Circuit explained:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

4

pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Id.* at 796 (internal citations omitted).

Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit

recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-503 (internal citations and quotations omitted).

## III.    DISCUSSION

Despite Douglas' status as a trespasser, Union Pacific may still have owed Douglas a duty

and Plaintiffs could recover under certain circumstances. As the Fifth Circuit stated in *Anderson*:

> Because the tracks themselves warn of the obvious danger of trains moving upon them, and because pedestrians have no right to be on the tracks, the engineer of a train only has a duty to those pedestrians he has actually seen on the tracks. *Doyle v. Thompson*, 50 So.2d 505, 508 (La.Ct.App.1951); cf. *Clayton [v. Illinois Cent. R. Co.]*, 865 So.2d at 902 ("[A]n engineer, *when sighting a person or a vehicle on the track*, can presume that he or it will move from the position of danger upon the sounding of the train's bell or the blowing of its whistle or horn; and, that it is only when the engineer realizes that the warnings are not going to be heeded that he should make an effort to stop the train." (emphasis added) (internal quotation marks omitted)).***

*Anderson v. Illinois Cent. R. Co.*, 475 F. App'x at 32.

The Fifth Circuit noted that the district court held that "a railroad company generally owes

no duty under Louisiana law to someone 'on a railroad without license, invitation, or other right,

*except after discovering his peril*, *the railroad must refrain from willfully or wantonly injuring a*

*trespasser*.' " *Id.* at 31 (quoting *Anderson v. Illinois Cent. R. Co.*, 2011 WL 1303865, at *3 (relying

on *Doyle v. Thompson*, 50 So. 2d 505 (La. Ct. App. 1951) (emphasis added))). However, in their opposition brief, Plaintiffs fail to point the Court to any factual allegation in the Petition regarding how long Douglas had been on the track at the time he was struck; whether it was night, day, dusk, or dawn; whether Douglas was seen or could have been seen by the engineer before the accident and, if so, at what distance; whether the engineer sounded his horn prior to the collision and, if so, for what period of time before the collision; whether the engineer attempted to brake and, if so, when? The Court has searched the Petition in vain for any such allegations. Rather, Plaintiffs only point the Court to the unadorned conclusory allegations quoted above (Doc. 8 at 1-2, quoting Doc. 1-1 at 5, ¶ VII.), which, as noted above, is insufficient for present purposes. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.")).

Furthermore, Plaintiffs do not dispute Union Pacific's allegation that Douglas was a trespasser and Plaintiffs fail altogether to address the legal question of a railroad's duty to a trespasser or, for that matter, anyone else. Plaintiffs do not disagree with or, indeed, mention at all, the case law cited by Union Pacific in the memorandum supporting its *Motion*. Under these circumstances, the *Motion* must be granted and Plaintiffs' case dismissed without prejudice.

> This Court has written extensively on the issue of waiver and a party's responsibility to meaningfully oppose a motion. *See, e.g., Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (citing, *inter alia*, *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, ... those claims [were] inadequately briefed and therefore waived." (citing, *inter alia*, *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting that it is "not enough to merely mention or allude to a legal theory"))); *see also United States ex rel.*

*Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing, *inter alia*, *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")).

This Court has not hesitated to dismiss claims as waived in such circumstances. *See JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *Payton*, 2021 WL 2544416, at *26 (dismissing *Monell* claims as waived); *see also Wuestenhoefer*, 105 F. Supp. 3d at 672 (finding that relator waived argument as to how certain write-offs fell within a particular provision of the False Claims Act).

*Miller v. Louisiana Dep't of Corr.*, No. 21-390, 2022 WL 2080308, at *1 (M.D. La. June 9, 2022)

(deGravelles, J.); *see also Turner v. Ascendium Educ. Grp.*, No. 20-660, 2021 WL 1392842, at *2

(M.D. La. Apr. 12, 2021) (deGravelles, J.).

But as this Court also said in *Miller*,

However, this Court has also written extensively about providing a plaintiff at least one opportunity to amend their complaint to state viable claims, particularly when there has been no prior ruling assessing the validity of those claims, and even when they do not appear viable. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 518–19 (M.D. La. 2021) (collecting authority and cases from this division).

*Miller*, 2022 WL 2080308, at *2.

Although Plaintiffs are being given an opportunity to amend, they are reminded of their Rule 11 obligation to have a good faith basis in law and fact before asserting any claims. *See* Fed. R. Civ. P. 11(b). If the Court finds that any future amendments were made frivolously, the Court may impose sanctions.

## IV.    CONCLUSION

Accordingly,

7

**IT IS ORDERED** that the *Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule 12(B)(6)* [sic] filed by Defendant Union Pacific Railroad Company is **GRANTED** and that all claims by Plaintiffs against Defendant are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have twenty-eight (28) days to amend the operative complaint to cure all deficiencies therein. Failure to do so will result in the dismissal of these claims with prejudice.

Signed in Baton Rouge, Louisiana, on September 27, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

8